**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

PROVIDENT BANK OF MARYLAND,                 *
T/A PROVIDENT BANK,
                                            *
             Plaintiff,
                                            *
v.                                              Civil Action No.  1:05-cv-00630-WDQ
                                            *
DAVID J. McCARTHY,
                                            *
             Defendant.
                                            *

*     *     *     *     *     *     *     *     *     *     *

DAVID J. McCARTHY,                          *

             Counterplaintiff,             *

v.                                          *

PROVIDENT BANK OF MARYLAND                  *
T/A PROVIDENT BANK,
                                            *
             Counterdefendant
                                            *
        *     *     *     *     *     *     * o0o *     *     *     *     *     *     *

**ANSWER, COUNTERCLAIM,
<u>AND PRAYER FOR JURY TRIAL</u>**

Defendant David J. McCarthy ("McCarthy") by his undersigned counsel, answers the

Complaint of plaintiff, Provident Bank of Maryland ("Provident Bank"), and presents

Affirmative Defenses and Counterclaims as follows:

**FIRST DEFENSE**

The Complaint, and each and every count thereof, fails to state a claim upon which relief

can be granted.

**SECOND DEFENSE**

Defendant McCarthy is not indebted as alleged.

**THIRD DEFENSE**

Defendant McCarthy did not contract as alleged.

**FOURTH DEFENSE**

Defendant McCarthy did not commit the wrongs alleged.

**FIFTH DEFENSE**

Defendant McCarthy generally denies the allegations of the Complaint. Any allegation not specifically admitted is denied.

**SIXTH DEFENSE**

In answer to each individually numbered paragraph of the Complaint, Defendant McCarthy states:

1.      Admitted in part, denied in part. It is admitted the Provident Bank purports to bring an action for declaratory relief pursuant to the Declaratory Judgment provisions of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. It is further admitted that the action arises from the former employment relationship between defendant and Provident Bank. It is also admitted that defendant McCarthy disputes that he was terminated from his employment for "cause" as defined by the terms of the controlling employment agreement dated April 6, 1998 (the "Agreement"), and has made a demand for an accounting of the value of the Imputed Interest payment he is owed under the terms of the Agreement. It is denied that defendant McCarthy failed to perform his job duties while employed at Provident Bank or engaged in any other misconduct in connection thereto.

2

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Denied as stated.  It is admitted that the Agreement  provided that defendant McCarthy would serve as the President of the equipment leasing company which would be thereafter incorporated as Court Square Leasing Corporation, a wholly owned subsidiary of plaintiff Provident Bank.  It is further admitted that the base salary paid to defendant McCarthy in 2004 was approximately $175,000.

8.    Admitted.

9.    Denied as stated.  It is admitted only that during the term of his employment defendant McCarthy reported to assigned supervisors at plaintiff Provident Bank.

10.    Denied as stated.  It is admitted that defendant McCarthy signed a Guide to Human Resources Policies Acknowledgment Form on or about January 10, 2005 and that a true and correct copy of that executed document is attached to plaintiff Provident Bank's Complaint as Exhibit "B".  It is denied that defendant McCarthy agreed that his employment was "at will".

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Admitted.

20.    Denied.

21.    Denied as stated.  It is admitted only that defendant McCarthy sent a letter to the bank (as well as specified officers of plaintiff Provident Bank), and that a true and correct copy of that correspondence was attached to plaintiff's Complaint as Exhibit "C".  It is further admitted that plaintiff Provident Bank asserted that defendant McCarthy was not terminated for cause and that he requested a detailed statement and accounting due to him under the terms of the Agreement.

## COUNT I

22.    Defendant McCarthy restates and realleges the answers set forth in paragraphs 1-21 above as though fully set forth herein.

23.    Denied as stated.  It is admitted only that a controversy  exists between plaintiff Provident Bank and defendant McCarthy regarding the respective rights and obligations of the parties to the Agreement.

24.    Admitted.

**WHEREFORE**, defendant McCarthy respectfully prays that this Court enter judgment in his favor and against plaintiff Provident Bank declaring that:

a)    Defendant McCarthy was not terminated for cause; and

b)    Defendant McCarthy is entitled to receive from plaintiff Provident Bank the Imputed Interest Payment under the terms of the Agreement.

4

## COUNT II

25.    Defendant McCarthy restates and realleges the answers set forth in paragraphs 1-24 above as though fully set forth herein.

26.    Admitted.

27.    Denied.

28.    Denied.

29.    Denied.

**WHEREFORE**, Defendant McCarthy respectfully prays that this Court enter judgment in his favor and against plaintiff Provident Bank.

## AFFIRMATIVE DEFENSES

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH DEFENSE

Defendant did not engage in any material breach of any contractual obligation or duty owed to Plaintiff.

### TENTH DEFENSE

Plaintiff did not suffer any damages as a result of any action of the Defendant.

### ELEVENTH DEFENSE

Plaintiff is not entitled to consequential damages for the actions allegedly taken or not taken as set forth in Count II of the Complaint.

### TWELFTH DEFENSE

Plaintiff is not entitled to the award of attorneys fees.

## COUNTERCLAIM
### [Against Provident Bank of Maryland]

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterplaintiff David J. McCarthy ("McCarthy"), by his undersigned counsel, brings this Counterclaim against plaintiff Provident Bank of Maryland ("Provident Bank") and alleges:

## PARTIES

1.      Counterplaintiff David McCarthy is an individual residing at 2020 Winding Way, Broomall, PA 19008.

2.      At all times applicable hereto McCarthy was an employee of Provident Bank of Maryland.

3.      Counterdefendant Provident Bank is a bank and trust company chartered by the State of Maryland and it maintains its principal place of business at 114 East Lexington Street, Baltimore, Maryland 21202.

4.      At all times material hereto Provident Bank was the employer of McCarthy pursuant to the terms of an employment agreement more fully discussed below.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this Counterclaim pursuant to the provisions of  28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 and this is an action between citizens of  different states, and Rule 13 of the Federal Rules of Civil Procedure in that it arises out of the same transaction that is the subject of the Complaint.

6.      Venue properly lies in the Northern Division of the United States District Court for the District of Maryland in that the employment agreement that forms the basis of the present

6

Counterclaim was entered into within the District and the Agreement specifically provides that its terms and conditions are governed by the law of Maryland.

## FACTUAL BACKGROUND

7.      On April 6, 1998, McCarthy entered into an agreement ("Agreement") with Provident Bank and accepted employment to be the President and CEO of the office equipment leasing company ("Leasing Company") which Provident Bank agreed to establish and fund with an initial investment of $500,000.  A true and correct copy of the Agreement is attached hereto as Exhibit A.

8.      The Agreement provided that the Leasing Company would be a Maryland corporation wholly owned by Provident and that it would employ McCarthy as its President and Chief Executive Officer in accordance with the terms of the Agreement upon establishment of the leasing entity.

9.      The Agreement set McCarthy's initial bi-weekly base salary at $5,769.23 subject to annual review by the Leasing Company board [Paragraph 3.a.] and provided for other salary, bonuses and benefits [Paragraphs 3.b.-d. and 4].

10.      The Agreement further provided that if McCarthy's employment with the Leasing Company was terminated for a reason other than "cause", McCarthy would be entitled to receive a payment as if McCarthy were the equity owner of 25% of the Leaving Company (the "Imputed Interest") in accordance with a "Formula Price" determined pursuant to Exhibit "A" attached to the Agreement [Paragraph 5.2].

11.      The Agreement defined, in pertinent part, that termination for "cause" shall be deemed to occur if McCarthy dies or if the Leasing Company terminates McCarthy because of a

material loss to the Leasing Company caused by McCarthy's "willful, intentional and continued failure to substantially perform [his] stated duties" with the express proviso that "no act, or the failure to act, on [McCarthy's] part shall be "willful" unless done or omitted to be done, not in good faith and without reasonable belief that the action or omission was in the best interest of Leasing Company [Paragraph 6.3].

12.    In accordance with the aforesaid contract, Provident Bank established Court Square Leasing Corporation ("Court Square") in or about June, 1998, and McCarthy commenced performance of the assigned duties of that entity's President and CEO immediately thereafter.

13.    Throughout his employment as President and CEO of Court Square, McCarthy performed his duties in an exemplary manner and was awarded increased compensation and bonuses in recognition thereof.  In 2004, McCarthy earned in excess of $175,000.00 in salary and additional compensation and benefits in accordance with his excellent performance as the President and CEO of Court Square.

14.    At all times during his employment, McCarthy acted in good faith and with the reasonable belief that all his actions were taken in the best interest of Provident Bank and Court Square.

15.    On January 21, 2005, McCarthy was terminated from his employment without "cause" as that term is defined in the controlling employment Agreement.

16.    At the time of his termination, the "Formula Price" of Court Square in accordance with the dictates of Exhibit "A" to the Agreement was $19,384,200.00.

17.    At the time of his termination the Imputed Interest payment owed to McCarthy in accordance with paragraph 5.2 of the Agreement was $4,846,050.00.

8

18.    Following his termination, McCarthy demanded from Provident the Imputed Interest payment mandated by paragraph 5.2 of the Agreement and a full and complete accounting of the calculation of that payment.

19.    Despite McCarthy's entitlement to the Imputed Interest payment mandated by paragraph 5.2 of the Agreement and his demand therefore, Provident has wrongfully, willfully and without cause refused payment or a calculation or accounting upon which such payment would be based.

**COUNT I**
**[Maryland Wage Payment and Collection Act]**

20.    Counterplaintiff restates and realleges the allegations set forth in the previous paragraphs of the Counterclaim as though fully set forth herein.

21.    The Maryland Wage Payment and Collection Law (the "Act"), Md. Ann. Code Labor and Employment Art., § 3-501, *et seq*., provides that an employee may bring an action to recover unpaid wages. *Id.* at § 3-507(a).

22.    The Imputed Interest payment owed to Defendant/Counterclaimant McCarthy constitutes "wages" as that term is defined in the Act. *Id.* at § 3-501.

23.    The Act further provides that if an employer withholds the wages of an employee in violation of the Act and not as a result of a bona fide dispute, this Court may award the employee an amount not exceeding three (3) times the wages withheld as well as reasonable counsel fees and costs of litigation.

24.    The willful refusal of Plaintiff/Counterclaim Defendant Provident Bank to pay McCarthy the Imputed Interest payment owed to him under the clear terms of the controlling Agreement was not the result of a bona fide dispute and constituted a violation of Act.

9

**WHEREFORE**, Counterplaintiff David J. McCarthy prays for judgment in an amount equal to three times the value of the Imputed Interest payment wrongfully withheld from him plus reasonable counsel fees and the costs of litigation and interest on the unpaid amounts computed at the applicable and lawful rate in the State of Maryland during all applicable periods.

<u>**COUNT II**</u>
**[Breach of Contract]**

25.     Counterplaintiff restates and realleges the allegations set forth in the previous paragraphs of the Counterclaim as though fully set forth herein.

26.     The actions of Counterdefendant Provident Bank in willfully refusing to pay McCarthy the Imputed Interest payment owed to him under the clear terms of the controlling Agreement constitutes a material breach of the controlling Agreement.

27.     As a direct result of the actions of Counterdefendant Provident Bank, McCarthy has suffered a substantial monetary loss equal to the value of the Imputed Interest payment wrongfully and willfully withheld from him.

**WHEREFORE**, Counterplaintiff David J. McCarthy prays for specific performance of Provident Bank's obligation to supply to him with an accounting of the value of the required Imputed Interest and judgment in an amount equal to the value of the Imputed Interest payment wrongfully withheld  from McCarthy plus interest on the unpaid amount computed at the applicable and lawful rate in the State of Maryland during all applicable periods.

Dated:  April 22, 2005

_____/s/_____
Andrew D. Levy (Fed. Bar No. 00861)
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030

Counsel for David J. McCarthy

Of Counsel:

Alan B. Epstein
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103
215-241-8831

## PRAYER FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and other

applicable law, Defendant and Counterplaintiff David J. McCarthy respectfully prays that the

Complaint and the Counterclaim be heard by a Jury.



_____/s/_____
Andrew D. Levy

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd of April, 2005, I caused a copy of the foregoing

Answer, Affirmatives Defenses and Counterclaims to be electronically served on all counsel

participating in the Electronic Filing System.



_____/s/_____
Andrew D. Levy

11