```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *
PROVIDENT BANK OF MARYLAND
T/A PROVIDENT BANK
                                    *
     Plaintiff                      *
v.                                  *    CIVIL NO.: WDQ-05-00630

DAVID J. McCARTHY
                                    *
     Defendant.
                                    *

*    *    *    *    *    *    *
DAVID J. McCARTHY


     Counter-Plaintiff
v.

PROVIDENT BANK OF MARYLAND
T/A PROVIDENT BANK
Counter-Defendant

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, David J. McCarthy countersued Provident Bank of Maryland T/A Provident Bank ("Provident") for unpaid compensation in violation of the Maryland Wage Payment and Collection Act (the "MWPCA").[1]  Pending is Provident's motion to dismiss for failure to state a claim.  For the following reasons, Provident's motion to dismiss will be denied.

BACKGROUND

On April 6, 1998, McCarthy entered into an employment

---

[1] MD. CODE ANN., LAB. & EMPL. § 3-501, et seq. (2005).

1

agreement with Provident (the "Agreement"). *See* Counterclaim at ¶7. Pursuant to the Agreement, McCarthy served as the President and Chief Executive Officer of a leasing company owned by Provident. *See id.* at ¶8. The Agreement stated the parties' rights and obligations upon termination. *See* Complaint, Exh. A at §6.[2] If Provident terminated McCarthy without cause, he was entitled to receive an Imputed Interest payment of $4,846,050. *See id.* at §§5.2, 61; *See also* Counterclaim at ¶17.

The Agreement defines "cause" as the employee's willful, intentional and continued failure to substantially perform stated duties, personal dishonesty, or the willful violation of any law, rule, regulation or final cease and desist order. *See* Complaint, Exh. A at §6.3. An employee acts "wilfully" when he performs or fails to perform an act, in bad faith and without reasonable belief that the action or omission was in the best interest of the company. *See id.*

McCarthy contends that on January 21, 2005 he was terminated without cause. *See* Counterclaim at ¶15. Provident, however, refused his demand for the Imputed Interest payment. *See id.* at ¶19. McCarthy argues that Provident's refusal to pay is in violation of the MWPCA. On April 22, 2005, McCarthy filed this counterclaim.

---

[2]On March 4, 2005, Provident filed a complaint seeking a declaratory judgment that McCarthy was terminated for cause.

LEGAL DISCUSSION

A.      Motion to Dismiss

    1.   Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories*, *Inc. v. Raj Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action. *Id*.

    2.   Maryland Wage Payment and Collection Act

Provident contends that McCarthy's counterclaim should be dismissed because the MWPCA is inapplicable.

The MWPCA requires employers, upon the termination of an

3

employee's employment, to pay that employee "all wages due for work that the employee performed before the date of termination of employment." *See* M<small>D</small>. C<small>ODE</small> A<small>NN</small>. L<small>AB</small>. & E<small>MPL</small>. §3-505. The MWPCA defines "wage" as all compensation that is due to an employee for employment. *See* §3-501(c). Wage includes a bonus, commission, fringe benefit or any other remuneration promised for service. *See id.* It is the exchange of remuneration for the employee's work that is crucial to the determination that compensation constitutes a wage. *The Whiting-Turner Contracting Company v. Fitzpatrick*, 366 Md. 295, 303(2001).

Here, Provident promised McCarthy the Imputed Interest payment as inducement for his employment. *See* Mot. Dism. at p. 6. Once a bonus, commission or fringe benefit has been promised as part of compensation for service, the employee is entitled to enforce the payment as wages. *See Whiting-Turner* at 304-05.

Provident argues that the Imputed Interest payment is not a wage, because McCarthy is not entitled to the payment if he breaches the Agreement's noncompete provision. If termination payments are dependent upon conditions other than the employee's efforts, the MWPCA is inapplicable. *See id.* at 303.

In support, Provident relies upon *Stevenson v. Branch Banking and Trust Corporation*, 159 Md. App. 620, 646 (2004). In *Stevenson*, the Maryland Court of Special Appeals found the MWPCA inapplicable because the employee's termination compensation was payment for her agreement not to compete, rather than for work performed. *See id.* at 645-46. The agreement expressly provided

that the employee forfeited the termination compensation for violation of the noncompete provision. *See id.*

In this case, the Agreement does not condition McCarthy's entitlement to the Imputed Interest on his adherence to the noncompete provision. Unlike *Stevenson*, the Agreement here contains no cross references between the termination compensation and noncompete provisions. Moreover, Provident's sole remedy for McCarthy's breach of the noncompete provision is to seek an injunction, not forfeiture of the Imputed Interest payment. *See* Complaint, Exh. A §7.3.

McCarthy's entitlement to the Imputed Interest payment was conditioned solely upon his performance. *See id.* at §6.1. McCarthy alleges that "at all times during his employment, he acted in good faith and with the reasonable belief that all his actions were taken in the best interest of Provident and the leasing company." *See* Counterclaim at ¶14. An employee's right to compensation vests when the employee does everything required to earn the wages. *See Medex v. McCabe*, 372 Md. 28, 41 (2002).

As McCarthy sufficiently pled a MWPCA claim, Provident's motion to dismiss will be denied.

CONCLUSION

For the reasons discussed above, Provident's motion to dismiss will be denied.

<u>August 23, 2005</u>                               <u>      /s/      </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge

5